```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES,                    )
                                  )
          v.                      )
                                  ) C.R. No. 08-cr-10037-PBS-1
DUNG LY                           )
          Defendant.              )
                                  )
```

## ORDER

Now before the Court is defendant Dung Ly's one-page letter seeking copies of his sentencing transcript (#262), judgment (#271) and docket sheet.  He explains that he is in the process of filing a pro se appeal and that he cannot afford to pay for these documents.

The Court's records indicate that Ly pleaded guilty to conspiracy to distribute and possess methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 846.  On February 22, 2011, Ly was sentenced by the Honorable Nancy Gertner to sixty months incarceration.  This action was reassigned to the undersigned on May 16, 2011.

The court will interpret the letter as a motion for a copy of the sentencing transcript at government expense.  Section 753(f) of Title 28, United States Code addresses the circumstances under which transcripts may be provided to an indigent criminal defendant at the government's expense.[1]

---

[1] Section 753(f) provides that:
Fees for transcripts furnished in criminal proceedings to persons proceeding under the Criminal Justice Act (18 U.S.C. § 3006A), or in habeas corpus proceedings to persons allowed

Here, Ly has not made an adequate showing of a particularized need for the transcripts. His stated reason -that "he will not be able to proceed any further without several documents from your court" - does not satisfy the requirements of 28 U.S.C. § 753(f). "A Court's decision [regarding free transcripts] turns on whether 'the transcript is needed for the court to "decide" a § 2255 motion - not for the petitioner to prepare it.'" Patrick v. United States, 298 F. Supp. 2d 206, 209 (D. Mass. 2004) (citing United States v. Horvath, 157 F. 3d 131, 132 (2d Cir. 1998).[2]

Other than the letter seeking the transcript, Ly has no pending matter before the Court. Therefore, the Court is without

---

to sue, defend, or appeal in forma pauperis, shall be paid by the United States out of moneys appropriated for those purposes. Fees for transcripts furnished in proceedings brought under § 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal[.]
28 U.S.C. § 753(f).

[2]Although the Seventh Circuit has held prisoners have "an absolute personal right to reasonable access to the pre-existing file and records of their underlying case," see Rush v. United States, 559 F. 2d 455 (7th Cir. 1977), no other court of appeals has adopted the Seventh Circuit's reasoning, and the Tenth, Eleventh, and Eighth Circuits have explicitly rejected such reasoning.  See Sistrunk v. United States, 992 F.3d 258, 259-60 (10th Cir. 1993); Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992); United States v. Losing, 601 F.2d 351, 353 (8th Cir. 1979).

authority to order the Clerk of the Court to provide copies of the requested transcript.

    Accordingly, Ly's request (#315) for free copies of his sentencing transcript hereby is DENIED.

SO ORDERED.

| | |
|---|---|
| March 8, 2013 | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | UNITED STATES DISTRICT JUDGE |